**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO.: 16-CR-065** |
| | ) | |
| **GERARDO GONZALEZ-VALENCIA,** | ) | |
| also known as "Lalo," "Flaco," | ) | |
| "Silver," "Silverio," "Eduardo," and | ) | |
| "Laline,"| ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF WITNESSES,
CONFIDENTIAL INFORMANTS AND COOPERATORS**

The United States respectfully submits this Opposition to Defendant Gerardo Gonzalez Valencia's Motion for a Bill of Particulars [Docket No. 34] ("Motion" or "Mot."). As set forth below, the Defendant is not entitled to the disclosure of the identities of the Government's witnesses, confidential informants and cooperating witnesses thirty days prior to the start of trial. The Government plans to provide the names of witnesses fourteen days prior to the commencement of trial, which provides more than sufficient time for the defense to adequately prepare for trial and cross-examination. Accordingly, the Motion should be denied.

I.   **BACKGROUND**

On April 19, 2016, a federal grand jury sitting in the District of Columbia returned an indictment charging the Defendant with conspiracy to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, and conspiracy to distribute five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, knowing and intending that such substances would be unlawfully imported

1

into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 959(a), 963, and 960 and 18 U.S.C. § 2. *See* Docket No. 1 (the "Indictment").

As detailed in the Government's Motion for Pretrial Detention, these charges against the Defendant arise from his position as a high-ranking leader of Los Cuinis, a major Mexican drug trafficking organization ("DTO") closely aligned with another powerful Mexican DTO, the Cartel de Jalisco Nueva Generacion ("CJNG"). *See* Docket No. 15 at 2–3, 6–7. The CJNG is one of the largest, most dangerous drug cartels currently operating in Mexico, and it is responsible for trafficking tonnage quantities of cocaine, methamphetamine, and heroin into the United States, as well as for violence and significant loss of life in Mexico.

The Defendant's Motion asks the Court to compel the names of witnesses the Government plans to call at trial, as well as "any confidential informants or cooperating criminals not testifying during trial," thirty days prior to the trial date "in light of the anticipated difficulties and time it will take to conduct a proper investigation into foreign-based witnesses, especially in light of the travel risks associated with the current COVID-19 pandemic, [and] the interests of justice." Mot. at 2. The Defendant claims that absent this information, he cannot adequately prepare a defense. *Id.*

## II.    LEGAL STANDARD

"A criminal defendant in a non-capital case . . . has no right to discover the identity of prospective Government witnesses." *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 35 (D.D.C. 2000) (citations omitted); *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (explaining that *Brady* does not create a requirement that "the prosecution must reveal before trial the names of all witnesses who will testify unfavorably"); *United States v. White*, 116 F.3d 903, 918 (D.C. Cir. 1997) (noting that "[t]he constitutional right to cross examine has never been held to

2

encompass a right to pretrial disclosure of prosecution witnesses"). Nor does Rule 16 of the Federal Rules of Criminal Procedure require the Government to disclose the names of witnesses prior to the witness testifying. "Rather, it is within the district court's discretion to order disclosure of the Government's witness list 'upon a showing of compelling need.'" *Hsin-Yung*, 97 F. Supp. 2d at 35 (quoting *United States v. Madeoy*, 652 F. Supp. 371, 375 (D.D.C. 1987)). "Mere conclusory statements that the list is necessary for preparation of trial is not sufficient" to establish compelling need. *Madeoy*, 652 F. Supp. at 376. In assessing compelling need, the Court may consider the risks to witness safety by revealing their identities in advance of trial. *See id.* at 375–76 (requiring disclosure of Government witness list due in part to the "extreme lack of likelihood of witness intimidation"); *White*, 116 F.3d at 918 (finding that defendant was not entitled to Government's witness list where defendant "offered no special reason in favor of disclosure, and security concerns for the witnesses plainly militated against it").

Regarding the identification of non-testifying witnesses, "[t]here is no statutory basis for granting such broad requests." *Hsin-Yung*, 97 F. Supp. 2d at 36 (quoting *United States v. Boffa*, 513 F. Supp. 444, 502 (D. Del. 1980)). Although the Court, in its discretion, may require the Government to produce a list of witnesses it does not intend to call at trial, the defendant again must demonstrate a compelling need, such as the witnesses possessing exculpatory information. *See Hsin-Yung*, 97 F. Supp. 2d at 36.

## III.   ANALYSIS

The Court should deny the Defendant's request for the Court to compel the Government to disclose the identity of the witnesses thirty days prior to the commencement of trial because the Defendant has failed to articulate a compelling need. Furthermore, the Court should deny the

Defendant's request to disclose the names of any confidential informants or sources because the Defendant has failed to identify any basis for this request.

### 1. Production of Witnesses Two Weeks Before Trial is Sufficient

The Defendant's Motion does not demonstrate a compelling need for the Government's witness list thirty days in advance of trial. The Defendant claims, without factual support, that the defense may face "anticipated difficulties and time it will take to conduct a proper investigation into foreign-based witnesses" in light of the COVID-19 pandemic. Mot. at 2. Currently, airline travel and all other travel accommodations, to the extent they may be necessary to adequately prepare a defense, operate on regular schedules. The Defendant's stated rationale for requiring the Government's witness list thirty days before trial is effectively a "[m]ere conclusory statement[] that the list is necessary for preparation of trial," which is not sufficient to establish a compelling need. *See Madeoy*, 652 F. Supp. at 376.

Furthermore, the Government will provide the names fourteen days before trial, which will give defense counsel sufficient time to prepare to their cross-examinations.[1] The Government's decision to provide the identity of the witnesses two weeks before trial is intrinsically reasonable, especially in light of the inherent concerns for witness safety in a case involving a large, violent international drug cartel. These witnesses, together with their families, would face serious security risks if their cooperation and status as prospective trial witnesses were revealed well in advance of trial. *See United States v. Apodaca*, 275 F. Supp. 3d 123, 139 (D.D.C. 2017) (acknowledging significant safety concerns for cooperating witnesses and their families in case involving violent drug cartel). Judges in this District and others have allowed

---

[1] As part of this production, the Government also has agreed to provide accompanying 18 U.S.C. § 3500 material related to its witnesses two weeks prior to trial.

disclosure of Government trial witnesses within two weeks of trial in narcotics trafficking cases, where witness security is often at issue. *See, e.g.*, *United States v. Lorenzana-Cordon*, No. 03-CR-331 (D.D.C. Feb. 10, 2016), Dkt. No. 716 (allowing disclosure of witnesses on February 12, 2016, when trial set to commence on February 16, 2016); *United States v. Alfredo Beltran Leyva*, No. 12-CR-184 (D.D.C. Jan. 21, 2016), Minute Entry (allowing disclosure of witnesses on February 5, 2016, when trial set to commence on February 16, 2016); *United States v. Guzman-Loera*, No. 09-CR-466 (E.D.N.Y. Jun. 29, 2017), Mem. & Order, Dkt. No. 101, at 8 (noting that "it is well within the [court's] discretion to defer production of certain discovery related to cooperating witnesses [and] confidential sources . . . until later down the line"). Given the witness security concerns in this case, disclosure of the Government's witnesses two weeks before trial is reasonable and appropriate.

### 2.   The Defense is not Entitled to the Identity of Non-Testifying Sources

The Court should also deny the request to disclose non-testifying witnesses or confidential sources, because "[t]here is no statutory basis for granting such broad requests." *Hhisn-Yung*, 97 F. Supp. 2d at 36. Here, the Defendant's request is both broad and lacking any supporting facts to justify the request. The request is also strikingly non-specific, seeking the disclosure of "*any* confidential informants or cooperating criminals not testifying at trial." Mot. at 2 (emphasis added). The Defendant does not even purport to limit it to confidential informants and cooperating witnesses who have information about him, specifically. Nor does he limit which government agencies' sources and informants would supposedly be within the ambit of his request. The investigation leading to the Defendant's indictment was primarily handled by the Drug Enforcement Administration, but the broad order sought by the Defendant could conceivably require the prosecution team to canvass all government agencies, even those

5

who are not part of the prosecution team, for any possible confidential informant who has even a passing knowledge of the Defendant. The Government is unaware of any recent international narcotics prosecution in which any district court has ordered the Government to identify all non-testifying sources and cooperating defendants, much less any with the breadth sought here, and to require as much as a matter of routine would have extraordinary chilling effects on the willingness of sources and informants to ever come forward in the future.

Moreover, the Defendant's request does not cite *any* legal authority for the proposition that he is entitled to general discovery of the names of non-testifying witnesses and confidential sources, and the Defendant has failed to establish any legitimate factual reason for the necessity of this information. Vitally, the Defendant has offered no explanation or basis to suggest that the disclosure of these names would facilitate the disclosure of exculpatory information that has not been disclosed in the discovery. Furthermore, the security concerns surrounding the disclosure of testifying witnesses' identities are just as great, if not greater, for non-testifying confidential sources.

//

//

//

//

//

## IV.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant's Motion.


Respectfully submitted this 18th day of October, 2021.


ARTHUR G. WYATT, Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By:       /s/
Kaitlin Sahni, Trial Attorney
Kate Naseef, Trial Attorney
Brett Reynolds, Trial Attorney
United States Department of Justice
Narcotic and Dangerous Drug Section
145 N Street, Northeast
East Wing, Second Floor
Washington, D.C. 20530
(202) 514-0917

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the

Defendant, this 18th day of October, 2021.


By:      /s/
          Kaitlin Sahni
          Trial Attorney
          Narcotic and Dangerous Drug Section
          Criminal Division
          U.S. Department of Justice