**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GERARDO GONZALEZ-VALENCIA,<br>   also known as "Lalo," "Flaco,"<br>   "Silver," "Silverio," "Eduardo," and<br>   "Laline"<br><br>                            Defendant. | Criminal Action No. 16-65-1 (BAH)<br><br>Judge Beryl A. Howell |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on April 19, 2016, a grand jury returned an Indictment charging the Defendant Gerardo Gonzalez-Valencia with conspiracy to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine and methamphetamine, Schedule II controlled substances, knowing and intending that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960, 963, and 18 U.S.C. § 2;

WHEREAS, included in the Indictment was a Forfeiture Notice wherein the Defendant was notified that if convicted of an offense charged in Count One of the Indictment, the government would seek to forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a) and 970, any proceeds obtained by Defendant as a result of his commission of that offense, and any property used to or intended to be used, in any manner or part, to commit or facilitate that offense;

1

WHEREAS, on December 22, 2022, the Defendant pleaded guilty to the cocaine offense charged in Count One of the Indictment;[1]

WHEREAS, pursuant to Federal Rule of Criminal Procedure 32.2(b)(1), this Court determines, based on the evidence and information before it, that any property constituting, or derived from, any proceeds obtained by Defendant as a result of his commission of the cocaine conspiracy charged in Count One, and any property used to or intended to be used, in any manner or part, to commit or facilitate the cocaine conspiracy charged in Count One, is subject to forfeiture pursuant to 21 U.S.C. §§ 853(a) and 970;

WHEREAS, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), this Court further determines, based on the record in this matter, including the Indictment, Defendant's conviction, the Statement of Fats, the evidence, and argument presented during the sentencing proceedings and evidentiary hearing, and this Motion, that a forfeiture money judgment against Defendant and in favor of the United States for an amount of $341,000,000.00, which represents the property subject to forfeiture for Defendant's violation of Count One of the Indictment, is appropriate insofar as this property is subject to forfeiture pursuant to 21 U.S.C. §§ 853(a) and 970, and that a personal money judgment against the Defendant is appropriate, as set forth below;

WHEREAS 21 U.S.C. § 853(p) authorizes the forfeiture of substitute property;

WHEREAS, upon entry of a forfeiture order, Federal Rule of Criminal Procedure 32.2(b)(3) authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture; and

---

[1] The government agreed to dismiss upon sentencing the Grand Jury's allegation in Count One as to conspiracy to distribute methamphetamine for unlawful importation. Accordingly, any reference hereinafter to Count One refers only to the cocaine conspiracy alleged in Count One to which the Defendant pleaded guilty.

WHEREAS, the forfeiture consists of a money judgment, no ancillary proceeding is necessary as directed by Federal Rule of Criminal Procedure 32.2(c)(1).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to 21 U.S.C. §§ 853(a) and 970: any property constituting, or derived from, any proceeds obtained by Defendant as a result of his commission of the cocaine conspiracy charged in Count One, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the cocaine conspiracy charged in Count One;

2. A forfeiture money judgment against the Defendant and in favor of the United States in the amount of $341,000,000.00 is entered against the Defendant.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e);

3. That pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Consent Order of Forfeiture is now final as to the Defendant and shall be made part of the sentence and included in the judgment;

4. The Attorney General, Secretary of Homeland Security, Secretary of the Treasury, or a designee is hereby authorized to seize, enter, inventory, and otherwise maintain custody and control of the property, whether held by the Defendant or by a third party, and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), including depositions, interrogatories, requests for production of documents, and admissions, and pursuant to Federal Rule of Civil Procedure 45, the issuance of subpoenas;

5.  Upon the seizure of any property to satisfy all or part of the judgment, the United States shall and, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law, and may do so consistent with any existing sealing order;

6.  Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest; and

7.  Following the Court's disposition of all timely petitions filed, a final Order of Forfeiture shall be entered.  If no third-party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property and shall dispose of the property according to law.  The parties stipulate and agree that the aforementioned assets are property involved in such offense, subject to forfeiture pursuant to 21 U.S.C. §§ 853 and 970.

**SO ORDERED.**

Date:  July 18, 2023

_____
**BERYL A. HOWELL**
United States District Judge